UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DERRICK LEE SMITH et al.,

              Petitioners,              Case No. 1:21-cv-1058

v.                                           Honorable Gordon J. Quist

JAMES SCHIEBNER,

              Respondent.
_____/

## **OPINION**

        This is a habeas corpus action brought by a state prisoner, Derrick Smith, under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it duplicates the petition that Petitioner Smith filed in *Smith et al. v. Schiebner et al.*, No. 1:21-cv-1005 (W.D. Mich.), and, therefore, is frivolous.

I.       **Procedural background**

Petitioner Smith is presently serving sentences from three separate Wayne County Circuit Court criminal proceedings. Wayne County is located within the boundaries of the United States District Court for the Eastern District of Michigan. Petitioner Smith is presently incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility which is located within the boundaries of the United States District Court for the Western District of Michigan. The fact that Petitioner Smith was convicted in the Eastern District and is presently serving his sentences in the Western District is important because of the habeas corpus statute which provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). Petitioner Smith has availed himself of both courts in his pursuit of habeas relief. The present petition is Petitioner Smith's 28th petition in the Western District—the 9th in 2021. But, interestingly, Petitioner Smith filed this petition (*Smith Probable Cause Conference VI*)[1] in the United States District Court for the Eastern District of Michigan. Rather than docketing the petition, however, the Eastern District simply remailed the petition here.

---

[1] The Western District designates these petitions as "Smith Probable Cause Conference" followed by a roman numeral to indicate the order in which they were filed. It is noteworthy that Petitioner Smith has filed other serial petitions raising the same issues in the Western District this year. Moreover, Petitioner Smith also filed a "probable cause conference" habeas petition in the United States District Court for the Eastern District of Michigan, *Smith v. Probable Cause Conference Directors et al.*, No. 1:21-cv-12168 (E.D. Mich.), that the Eastern District transferred to the Sixth Circuit Court of Appeals as second or successive.

2

The petition that Petitioner Smith filed in the Eastern District—and that the Eastern District simply mailed over here—is a photocopy of a petition that Petitioner Smith filed in this Court in *Smith v. Schiebner*, 1:21-cv-1027 (W.D. Mich.) (*Smith Probable Cause Conference V*). The fact that Petitioner Smith now has two identical habeas petitions pending in the Western District is just part of the problem. The identical petitions that Petitioner Smith filed in *Smith Probable Cause Conference V* and *Smith Probable Cause Conference VI*, raise the same issues on behalf of the same parties[2] as the petition Petitioner Smith filed in *Smith et al. v. Schiebner et al.*, No. 1:21-cv-1005 (W.D. Mich.) (*Smith Probable Cause Conference IV*). The *Smith Probable Cause Conference IV* petition, in turn, raised the same issues that Petitioner Smith raised in *Smith v. Schiebner et al.*, No. 1:21-cv-885 (W.D. Mich.) (*Smith Probable Cause Conference III*), and *Smith v. Schiebner et al.*, No. 1:21-cv-873 (W.D. Mich.) (*Smith Probable Cause Conference II*). *Smith Probable Cause Conference III* and *Smith Probable Cause Conference II* were transferred to the Sixth Circuit Court of Appeals as second or successive petitions. Those petitions were second and successive because they followed *Smith v. Schiebner*, No. 1:21-cv-794 (W.D. Mich.) (*Smith Probable Cause Conference I*).[3]

In *Smith Probable Cause Conference I*, Petitioner Smith claimed that his plea to the charges in one of the three criminal prosecutions for which he is presently incarcerated was invalid because the trial court did not have jurisdiction over him since the court failed to conduct a "probable cause conference" as required by Michigan Court Rule 6.108. Rule 6.108 was adopted

---

[2] Petitioner Smith purports to bring the claims in *Smith Probable Cause Conference VI*, *Smith Probable Cause Conference V*, and *Smith Probable Cause Conference IV* on behalf of himself and 12 other petitioners. Smith asks to proceed as "next friend" to the 12 other petitioners.

[3] The Sixth Circuit Court of Appeals dismissed the transferred *Smith Probable Cause Conference II* because Mr. Smith failed to file a corrected successive motion as directed. *In re Derrick Lee Smith*, No. 21-1671 (6th Cir. Dec. 28, 2021). The transferred *Smith Probable Cause Conference III* remains pending. *In re Derrick Smith*, No. 21-1674 (6th Cir.).

in January of 2015 following the statutory creation of the probable cause conference requirement by amendment of Mich. Comp. Laws § 766.4 during May of 2014.[4]

The Western District denied the petition on the merits:

> There is no federal constitutional requirement for a probable cause conference. It is purely a creation of state law. Whether or not the procedures in Petitioner's case complied with state law and whether or not any failures deprived the state court of jurisdiction are purely state law questions. It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983). The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76). Thus, this Court is bound by the state appellate court's determination that Petitioner's challenges were without merit.
>
> Moreover, this Court is bound by a state court determination that the trial court had jurisdiction over Petitioner and his criminal prosecution. Specifically as to jurisdictional issues, the Sixth Circuit has stated that "a state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Petitioner's claim that his guilty plea is invalid because the state court did not have jurisdiction has been conclusively decided against him. Therefore, the jurisdiction issue affords Petitioner no grounds for habeas relief.

*Smith Probable Cause Conference I* (Op., ECF No. 13, PageID.32).

Petitioner Smith filed that initial petition on his own behalf and on behalf of all 37,000 prisoners incarcerated with the Michigan Department of Corrections, either as their "next friend" or as a class representative. The Court determined that Petitioner Smith had failed to establish the requirements to proceed as a "next friend" or for class certification. *Smith Probable Cause Conference I* (*Id.*, PageID.52–55.) Petitioner Smith has appealed the denial of his claim

---

[4] The act that created the probable cause conference requirement was given immediate effect when it was enacted on May 20, 2014. 2014 Mich. Pub. Acts 123. But the act includes a note that indicates it applies to cases prospectively: "This amendatory act applies to cases in which the defendant is arraigned in district court or municipal court on or after January 1, 2015." *Id.*, Enacting § 1.

4

seeking "a full review of the decision entered." *Smith Probable Cause Conference I* (Notice of Appeal, ECF No. 19, PageID.80.) That appeal remains pending in the United States Court of Appeals for the Sixth Circuit. *Smith v. Schiebner*, No. 21-1638 (6th Cir.).

The instant case and *Smith Probable Cause Conference V* and *Smith Probable Cause Conference IV* are, for all intents and purposes, identical. Petitioner filed the instant case and *Smith Probable Cause Conference V* because he erroneously believed that the District had not received *Smith Probable Cause Conference IV*.

"Federal courts do . . . retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Parties generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that duplicates another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). Dismissing duplicate lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

An action is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although actions may not "significantly differ," they need not be

5

identical. Courts focus on the substance of the complaint, or in this case the petition. *See*, *e.g.*, *Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Considering the substantial identity between the legal claims, factual allegations (or lack thereof), temporal circumstances, and relief sought in the present petition and *Smith Probable Cause Conference IV*, the Court concludes that the present action is duplicative. Therefore, pursuant to the Court's inherent power, this action is properly dismissed on the grounds that it is duplicative and frivolous.

## II. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying

6

this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.  Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.  The dismissal is without prejudice with respect to the claims of Petitioner Smith, individually or as putative next friend to the other 12 prisoners, that have been raised in *Smith Probable Cause Conference IV*.


Dated: February 7, 2022                                          /s/ Gordon J. Quist
                                                                           GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE